**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

| | | |
|---|---|---|
| **COREY BROOKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 5:26-00417** |
| | ) | |
| **ELMORE, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**O R D E R**

On August 4, 2025, Plaintiff, acting *pro se*,[1] filed in the United States District Court for the Southern District of Indiana a Complaint seeking relief pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). <u>Brooks v. Elmore</u>, 2:25-cv-00369 (S.D.In.), Document No. 1. Upon screening, Judge Patrick Hanlon, United States District Judge for the Southern District of Indiana, determined that Plaintiff's Complaint included claims concerning events that occurred at both FCI Terre Haute and FCI Beckley. <u>Id.</u>, Document Nos. 37 and 51-1. As to Plaintiff's claims concerning events occurring at FCI Beckley, Judge Hanlon identified such claims into two categories: (1) Plaintiff's "Credit Time" claims against Defendants McCoy, Ratliff, Holzapfel, Brash, Smith, and Oxford; and (2) Plaintiff's "Legal Mail and Trust Fund" claims against Defendants Bantz, Ballard, Holzapfel, and Morris. <u>Id.</u>, Document No. 51, p. 2 and Document No. 51-1, pp. 4 – 6. Thus, Judge Hanlon noted that such claims constituted a misjoinder of claim, and the District Court would sever and transfer claims related to the allegations against individuals at FCI Beckley to the Southern District of West Virginia, if Plaintiff requested such. <u>Id.</u>, Document No. 51-1, pp. 7

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

and 9. By "Order Dismissing Claims Against Defendants Gilbert and Smitley, Directing Clerk to Open a New Civil Action, and Transferring this Case to the Southern District of West Virginia," Judge Hanon first directed that a new Bivens action be opened concerning Plaintiff's "Legal Mail and Trust Fund" claims against Defendants Bantz, Ballard, Morris, and Holzapfel thereby initiating a new action in the Southern District of Indiana (2:26-cv-00434).[2] Id., Document No. 51, pp. 2 – 3. Second, Judge Hanon directed that Plaintiff's "Credit Time" claims against Defendants McCoy, Ratliff, Holzapfel, Brash, Smith, and Oxford remain in Civil Action No. 2:25-cv-00369 and be transferred to this Court pursuant to 28 U.S.C. § 1406(a). Id.

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

2

---

[2] This action (Civil Action No. 2:26-00434) remains pending in the Southern District of Indiana.

Based upon the foregoing, the undersigned finds that there is no Complaint that includes *only* Plaintiff's "Credit Time" claims against Defendants McCoy, Ratliff, Holzapfel, Brash, Smith, and Oxford. Accordingly, if Plaintiff wishes to proceed with his <u>Bivens</u> claim, he should file an Amended Complaint asserting *only* his "Credit Time" claims against Defendants McCoy, Ratliff, Holzapfel, Brash, Smith, and Oxford. Plaintiff must also state what constitutional rights he believes each defendant has violated and support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights.

Plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his prior Complaint, or additional documentation, or to incorporate the same by reference in the Amended Complaint. The Amended Complaint will **supersede** the Complaint and Supplements, and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them.

Next, Plaintiff is **NOTIFIED** that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies ***prior*** to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[3] <u>Woodford v. Ngo</u>, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); <u>Booth v. Churner</u>, 532 U.S. 731, 121 S.Ct. 1819,

---

[3] 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), *aff'd*, 54 Fed.Appx. 159 (4th Cir. 2003), *cert. denied*, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[es] judicial discretion." Ross v. Blake, 578 U.S. 632, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."). To the extent there is no response to an administrative remedy within the requisite time period, an inmate should consider such as a denial and proceed to the next level in the administrative remedy process. Plaintiff is **NOTIFIED** that if he wishes to fully exhaust his administrative remedies prior to seeking relief, he should voluntarily dismiss this action and initiate a new action upon completion of the administrative remedy process.

Finally, the record indicates that Plaintiff has neither paid the filing and administrative fee nor submitted an Application to Proceed *in Forma Pauperis* or Without Prepayment of Fees. Plaintiff must pay the Court's filing fee ($350) and administrative fee ($55) totaling $405 or obtain approval to proceed *in forma pauperis* or without prepayment of fees. Title 28 U.S.C. § 1915 provides as follows:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security

therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

If Plaintiff obtains approval to proceed *in forma pauperis* or without prepayment of fees, Plaintiff will be required to pay the full amount of the filing fee of $350.00 by payments sent to the Clerk of the Court by the prison where Plaintiff is incarcerated. 28 U.S. C. § 1915(b)(1).

Accordingly, it is hereby **ORDERED** that Plaintiff shall either pay the filing and administrative fee totaling $405 or file an Application to Proceed Without Prepayment of Fees and Costs by **July 24, 2026**. It is further **ORDERED** that Plaintiff has until **July 24, 2026**, to amend his Complaint to specifically set forth his constitutional claims and state specific facts as to how each defendant violated his constitutional rights. Failure of the Plaintiff to (1) amend his letter-form Complaint, and (2) either pay the filing and administrative fee or file an Application to Proceed Without Prepayment of Fees and Costs by July 24, 2026, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[4] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[5].

---

[4] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[5] Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

The Clerk is directed to mail to Plaintiff, who is acting *pro se*, a copy of this Order, a form Complaint, and a blank Application to Proceed Without Prepayment of Fees and Costs.

**ENTER**: June 24, 2026.



Omar J. Aboulhosn
United States Magistrate Judge